# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KATHLEEN L. PHELPS,                    )
Individually and as Administratrix of  )
THE ESTATE OF ANTHONY O.               )
PHELPS; MARK S. PHELPS,                )
MATTHEW A. PHELPS, and                 )
MEGHAN PHELPS BUEHLER,                 )
                                       )
       Plaintiffs,            )
                                       )
v.                                     )      C.A. NO.: N15C-12-136 AML
                                       )
DR. JOSEPH T. WEST,                    )
CARDIOLOGY CONSULTANTS,                )
P.A., and CHRISTIANA CARE              )
HEALTH SYSTEM, INC., a Delaware        )
Corporation,                           )
                                       )
       Defendants.            )

Submitted: December 8, 2017
Decided: March 15, 2018

## ORDER

**Defendants' Motion for Costs Pursuant to Superior Court Civil Rule 54 and 10 *Del. C.* § 8906: Granted in part**

1.  This is a medical negligence case arising from the death of Anthony Phelps following a cardiac catheterization by Dr. Joseph West. Defendants are Dr. West and his employer Christiana Care Health System. On November 14, 2017, the jury returned a verdict for the Defendants. On November 21, 2017, Defendants timely filed a motion for costs in accordance with Superior Court Civil Rule 54 and 10 *Del. C.* § 8906. Defendants seek reimbursement of their filing fees and

their experts' trial testimony fees and costs, namely $722 in Court filing costs, $9,135 for Dr. Fifer's trial testimony and travel expenses, and $6,050 for Dr. Smith's trial testimony and travel expenses.

2. Plaintiffs contend Defendants' motion should be denied, arguing the parties' relative financial positions—*i.e.*, a retired widow, a school teacher, school principal, and vet-tech compared to two medical corporations and a practicing physician—militates against awarding Defendants' costs. Plaintiffs also argue the requests are supported by vague and unclear invoices because both experts' invoices include duplicative entries for trial testimony as well as non-compensable trial preparation. Plaintiffs further argue the Court should not consider Dr. Smith's costs at all because his testimony was redundant and unnecessary.

3. Superior Court Civil Rule 54(d) provides "costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs."[1] Although awarding costs is a matter of judicial discretion,[2] the prevailing party in an action at law generally is entitled to costs as a matter of right.[3]

4. There are limited circumstances under which this Court will deny a prevailing party's motion for costs. For example, "[a] defendant may appropriately

---

[1] Super. Ct. Civ. R. 54(d).
[2] *Olson v. A-Del Constr. Co., Inc.*, 2014 WL 1325909, *1 (Del. Super. Feb. 12, 2014).
[3] *Bodley v. Jones*, 65 A.2d 484, 487 (Del. Ch. 1948).

bear his defense costs where a lawsuit is justified because the situation requires a full explanation from the defendant."[4] This may be the case where the jury finds both parties equally or nearly equally liable.[5] The Court also may consider whether awarding costs would place a "severe financial hardship" on a plaintiff.[6] The Court cannot, however, deny costs merely because the parties' resources are out of balance or even grossly out of balance.[7]

5. Here, the jury found the Defendants were not negligent. Moreover, the jury found Dr. West did not breach the standard of care in his treatment of Phelps. Unlike the few cases in which this Court has denied costs to a prevailing party, Plaintiffs here cannot establish that the jury found Plaintiffs' case particularly meritorious. Additionally, Plaintiffs presented no evidence that awarding costs would be a severe financial hardship. The fact that Defendants relatively have more resources than Plaintiffs cannot justify denying costs.

6. The Court therefore is left to consider what amount of costs may be awarded. In awarding expert witness fees, the amount is "limited to time spent attending court for the purpose of testifying and reasonable costs incurred in

---

[4] *Olson*, 2014 WL 1325909, *1 (citing *Moore v. Garcia*, 1995 WL 945553 (Del. Super. July 10, 1995)).

[5] *See, e.g., Nelson v. Feldman*, 2011 WL 531946, *1 (Del. Super. Jan. 26, 2011) (finding the defendant 49% liable and the plaintiff 51% liable).

[6] *Id.* at *2.

[7] *Olson*, 2014 WL 1325909, *1 ("While it is likely true, as Plaintiffs allege, that Defendant 'has resources many times greater than plaintiffs,' this alone does not justify denying costs.").

traveling to and from the courthouse."[8] Generally, the rate of travel compensation is less than testimonial compensation.[9] Where an expert's invoice is vague, the Court has discretion to deny recovery.[10] Similarly, "a party should not be responsible for its opponent's choice of an unnecessary . . . expert."[11]

7.      Here, the amount Defendants claimed includes non-compensable costs. Dr. Fifer's and Dr. Smith's testimonies, however, were not redundant or unnecessary, so recoverable costs will be allowed. For Dr. Fifer, the Court will award the 5.25 hours of courtroom attendance listed on his invoice, which, at Dr. Fifer's hourly rate, amounts to $3,150. The Court will not award the vague and apparently duplicative "Court testimony" flat fee that Dr. Fifer invoiced. Defendants offered no explanation of that fee or assurance to the Court that it did not represent trial preparation costs. Dr. Fifer also requested $530 for travel expenses. These costs appear reasonable considering he traveled from Massachusetts to attend trial.

8.      For Dr. Smith, the Court finds his 2.92 hours of trial testimony is recoverable, which amounts to $1,898. Again, for the reasons set forth above, the Court will not award Dr. Smith's "Trial Daily Fee" or the entries reflecting his

[8] *Id.* at *2 (internal quotations omitted) (quoting *Moyer v. Saunders*, 2013 WL 4138116, *1 (Del. Super. July 24, 2013).
[9] *See Cooke v. Murphy*, 2013 WL 6916941 (Del. Super. Nov. 26, 2013).
[10] *Id.*
[11] *Olson*, 2014 WL 1325909, *1.

4

preparation for trial. Dr. Smith also requested $1,154 for travel expenses, which appears reasonable considering his overnight stay and travel from North Carolina.

9.     Lastly, Defendants requested $722 for Court filing fees, which properly are recoverable under Rule 54.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Costs is **GRANTED in part**. Defendants shall recover the following costs:

> Dr. Fifer's Trial Testimony: $3,150
>
> Dr. Fifer's Travel Expenses: $530
>
> Dr. Smith's Trial Testimony: $1,898
>
> Dr. Smith's Travel Expenses: $1,154
>
> Court Filing Fees: $722

Total Costs Awarded: $7,454. **IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Richard Galperin, Esquire
      Joshua H. Meyeroff, Esquire
      Kenneth M. Roseman, Esquire